ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTÉLUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3777 Long Beach Boulevard, 3rd Floor
Long Beach, California 90807
Telephone:   (562) 203-3030
Facsimile:   (323) 725-0350
Email: acasillas@casillaslegal.com
          dgastelum@casillaslegal.com

Attorneys for Plaintiffs,
ESTATE OF SALOME RODRIGUEZ, JR., by and through successors in interest
SALOME RODRIGUEZ and LIDIA RODRIGUEZ; SALOME RODRIGUEZ,
individually; LIDIA RODRIGUEZ, individually

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SALOME RODRIGUEZ, JR., by and through successors in interest, SALOME RODRIGUEZ and LIDIA RODRIGUEZ; SALOME RODRIGUEZ, individually; LIDIA RODRIGUEZ, individually,<br><br>Plaintiffs,<br>vs.<br><br>HENRY SOLIS; CITY OF LOS ANGELES; DOES 1 through 50, inclusive,<br><br>Defendants | **CASE NO. 2:18-cv-06577-GW(JCx)**<br>*[Assigned to the Hon. George H. Wu, Courtroom 9D]*<br><br>**Discovery Document: Referred to Magistrate Judge Jacqueline Chooljian**<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER**<br>**[CHANGES MADE BY COURT TO PARAGRAPHS 1A, 3, 8, 9(c), 12.3]**<br>Complaint:    July 31, 2018<br>Trial:            August 3, 2021 |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Rather, when the parties seek permission from the Court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

B. <u>GOOD CAUSE STATEMENT</u>

Good cause exists for entry of this order.  As Plaintiffs are seeking and Defendants may produce, among other things, third party private and confidential information; portions of the personnel files of the police officers involved in the subject incident, which contain confidential information, and information the City of Los Angeles regards as official information; performance evaluations, work schedules/logs and rosters, and training records for the involved police officers; inmate records; administrative investigation files, including but not limited to Force Investigation Division materials, Detective and Crime Scene Investigator(s) materials, Internal Affairs materials which contain incident reports, witness statements, and other sensitive materials which the City of Los Angeles believes need special protection from public disclosure; and any official information materials produced to Plaintiffs during the course of discovery in this litigation and any subsequent reproduction thereof, as well as private information of the Los Angeles Police Department employees. Additionally, these documents include sensitive law enforcement information. Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests,

**MODIFIED STIPULATED PROTECTIVE ORDER**

including safety of personnel and the public.  The City of Los Angeles preserves all objections to the production of certain of the above referenced materials, and by entering into this protective order in no waives any such objection.

Additionally, defendants may produce videos, audio recordings and/or photos that contain sensitive materials, and that the City of Los Angeles believes need special protection from public disclosure.

The documents identified in this Protective Order, which Defendants believe in good faith constitute or embody confidential information which the City of Los Angeles maintains as strictly confidential and are otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, are therefore entitled to heightened protection from disclosure.

The City contends that absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers referenced in the materials and information.

The City also contends that the unfettered disclosure of the materials and information, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of the City herein to receive a fair trial.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends

Case 2:18-cv-06577-GW-JC   Document 37   Filed 04/08/21   Page 4 of 16   Page ID #:263

of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: This pending federal lawsuit, entitled *Estate of Salome Rodriguez, et al. v. City of Los Angeles, et al.*, Case No. 18-cv-06577-GW(JCx).

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.   This also includes (1) any information copied or extracted from the Confidential information; (2) all copies, excerpts, summaries or compilations of Confidential information; and (3) any testimony, conversations, or presentations that might reveal Confidential information.

2.4   Counsel: Counsel of record for the parties to this civil litigation and their support staff.

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**MODIFIED STIPULATED PROTECTIVE ORDER**

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     Final Disposition:   when this Action has been fully and completely terminated by way of settlement, dismissal, trial, appeal and/or remand to state court.

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, board, departments, divisions, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**MODIFIED STIPULATED PROTECTIVE ORDER**

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

4.    DURATION

Even after Final Disposition, as set forth in Section 2.8 above, of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition of this pending federal Action shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands (as it relates to appeals of this federal Action), trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for

which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see,   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or words of a similar effect, and that includes the case name and case number (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.   If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or

portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)      for information produced in some form other than documentary and for any other tangible items, that, at a minimum, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**MODIFIED STIPULATED PROTECTIVE ORDER**

1    (d) the court and its personnel;

2    (e) court reporters and their staff;

3    (f) professional jury or trial consultants, mock jurors, and Professional Vendors

4 to whom disclosure is reasonably necessary for this Action and who have signed the

5 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (g) the author or recipient of a document containing the information or a

7 custodian or other person who otherwise possessed or knew the information;

8    (h) during their depositions, witnesses, and attorneys for witnesses, in the Action

9 to whom disclosure is reasonably necessary provided: (1) the deposing party requests

10 that the witness sign the "Acknowledgment and Agreement to Be Bound" form

11 attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential

12 information unless they sign the "Acknowledgment and Agreement to Be Bound"

13 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

14 Pages of transcribed deposition testimony or exhibits to depositions that reveal

15 Protected Material may be separately bound by the court reporter and may not be

16 disclosed to anyone except as permitted under this Stipulated Protective Order; and

17    (i) any mediator or settlement officer, and their supporting personnel, mutually

18 agreed upon by any of the parties engaged in settlement discussions.

19    7.3. Counsel making the disclosure to any qualified person described herein

20 shall retain the original executed copy of the Nondisclosure Agreement until sixty (60)

21 days after this litigation has become final, including any appellate review, and

22 monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed

23 Nondisclosure Agreements and shall produce the original signature page upon

24 reasonable written notice from opposing counsel. If an issue arises regarding a

25 purported unauthorized disclosure of Confidential Information, upon noticed motion

26 of contempt filed by the Designating Party, counsel for the Receiving Party may be

27 ///

28

10

**MODIFIED STIPULATED PROTECTIVE ORDER**

required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issues in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures south to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced

**MODIFIED STIPULATED PROTECTIVE ORDER**

by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

**MODIFIED STIPULATED PROTECTIVE ORDER**

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**MODIFIED STIPULATED PROTECTIVE ORDER**

1    12.3   Filing Protected Material. A Party that seeks to file under seal any
2  Protected Material must comply with Civil Local Rule 79-5 and with any pertinent
3  orders of the assigned District Judge and Magistrate Judge. Protected Material may
4  only be filed under seal pursuant to a court order authorizing the sealing of the specific
5  Protected Material at issue. If a Party's request to file Protected Material under seal is
6  denied by the court, then the Receiving Party may file the information in the public
7  record unless otherwise instructed by the court.

8  13.   <u>FINAL DISPOSITION</u>.

9    After the final disposition of this Action (as defined in paragraphs 2.8 and 4),
10 within 60 days of a written request by the Designating Party, or another period of time
11 agreed upon by the parties, each Receiving Party must return all Protected Material to
12 the Producing Party or destroy such material. As used in this subdivision, "all Protected
13 Material" includes all copies, abstracts, compilations, summaries, and any other format
14 reproducing or capturing any of the Protected Material. Whether the Protected Material
15 is returned or destroyed, the Receiving Party must submit a written certification to the
16 Producing Party (and, if not the same person or entity, to the Designating Party) by the
17 60 day or agreed upon deadline that (1) identifies (by category, where appropriate) all
18 the Protected Material that was returned or destroyed and (2) affirms that the Receiving
19 Party has not retained any copies, abstracts, compilations, summaries or any other
20 format reproducing or capturing any of the Protected Material. Notwithstanding this
21 provision, Counsel are entitled to retain an archival copy of all pleadings, motion
22 papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
23 deposition and trial exhibits, expert reports, attorney work product, and consultant and
24 expert work product, even if such materials contain Protected Material. Any such
25 archival copies that contain or constitute Protected Material remain subject to this
26 Protective Order as set forth in Section 4 (DURATION).
27 ///
28

14
**MODIFIED STIPULATED PROTECTIVE ORDER**

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: April 5, 2021             CASILLAS & ASSOCIATES


                                 By:   /s/ Arnoldo Casillas
                                       ARNOLDO CASILLAS
                                       DENISSE O. GASTÉLUM
                                       Attorneys for Plaintiffs ESTATE OF DANIEL
                                       HERNANDEZ, MANUEL HERNANDEZ,
                                       and MARIA HERNANDEZ


Dated: April 5, 2021             MICHAEL N. FEUER, City Attorney
                                 KATHLEEN A. KENEALY, Chief Deputy City Atty
                                 SCOTT MARCUS, Senior Assistant City Attorney
                                 CORY M. BRENTE, Senior Assistant City Attorney


                                 By:   /s/ Colleen R. Smith
                                       COLLEEN R. SMITH, Deputy City Attorney
                                       Attorneys for Defendant CITY OF LOS
                                       ANGELES




FOR GOOD CAUSE SHOWN, IT IS SO ORDERED AS MODIFIED.



DATED:  April 8, 2021                        _____/s/_____
                                             Hon. Jacqueline Chooljian
                                             United States Magistrate Judge

**MODIFIED STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1
2
3       I, _____ [print or type full name], of

4   _____ [print or type full address], declare under penalty of perjury that I have

5   read in its entirety and understand the Modified Stipulated Protective Order that was issued

6   by the United States District Court for the Central District of California on April 8, 2021 in

7   the case of *Estate of Salome Rodriguez, et al. v. City of Los Angeles, et al.*, Case No. 18-cv-

8   06577-GW(JCx). I agree to comply with and to be bound by all the terms of this Modified

9   Stipulated Protective Order and I understand and acknowledge that failure to so comply

10  could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

11  that I will not disclose in any manner any information or item that is subject to this Modified

12  Stipulated Protective Order to any person or entity except in strict compliance with the

13  provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15  Central District of California for the purpose of enforcing the terms of this Modified

16  Stipulated Protective Order, even if such enforcement proceedings occur after termination of

17  this action.

18      I hereby appoint _____ [print or type full name] of

19  _____ [print or type full address and telephone

20  number] as my California agent for service of process in connection with this action or any

21  proceedings related to enforcement of this Stipulated Protective Order.

22      Date: _____

23      City and State where sworn and signed: _____

24

25      Printed name: _____

26

27      Signature: _____

28

---

16

**MODIFIED STIPULATED PROTECTIVE ORDER**